■ In the Matter of RENARD LAW, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [753 NYS2d 208] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two disciplinary hearings the first of which arose out of a misbehavior report charging that he was present in the facility television room without permission and refused to obey a direct order from the reporting correction officer to return to his cell. A note from the infirmary appended to the misbehavior report stated that petitioner was

suffering from a spinal injury and was directed to obtain bed rest in his cell. He was not authorized to leave his cell except for trips to the mess hall and religious services and he was precluded from participation in any work or recreational activities, including watching television. Petitioner was found guilty of refusing to obey a direct order.

Petitioner's second disciplinary hearing arose out of a misbehavior report prepared by a nurse at the facility's infirmary who related that she had been about to administer petitioner's medication when he began shouting about his dissatisfaction with his exercise schedule. He refused to stop even after she explained that she had no control over scheduling. Petitioner's outburst was audible to nearby inmates and to a correction officer who immediately came to the nurse's assistance. In her hearing testimony, the nurse stated that petitioner's conduct had been intense enough to frighten her, adding that notations on petitioner's medical chart indicated that he had been counseled by infirmary personnel following a similar incident. Petitioner was found guilty of harassment and creating a disturbance. Both hearing decisions were administratively affirmed.

The first decision, finding petitioner guilty of refusing to obey a direct order, is supported by substantial evidence in the form of the detailed misbehavior report and petitioner's testimony in which he admitted his refusal to return to his cell (*see Matter of Tunstall v Miller*, 274 AD2d 723, 724). The second decision, finding petitioner guilty of harassment and creating a disturbance, is similarly supported by substantial evidence in the form of the misbehavior report and the testimony of the reporting staff member (*see Matter of Collazo v Senkowski*, 282 AD2d 851, 852). Petitioner's contention that the disciplinary charges were filed as part of a staff conspiracy against him raised an issue of credibility that was within the province of the Hearing Officer to resolve (*see Matter of Bennett v Bintz*, 290 AD2d 791, 792, *lv dismissed and denied* 98 NY2d 687). The remaining issues raised herein have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.